IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANCES FRANCO,

    **Plaintiff,**

vs.                                        No. CIV 01-0071 WJ/WWD-ACE

LEPRINO FOODS COMPANY,

    **Defendant.**

### DEFENDANT'S SUPPLEMENTAL PROPOSED
### FINDINGS OF FACT AND CONCLUSIONS OF LAW

    Defendant submits the following Supplemental Proposed Findings of Fact and Conclusions of Law in accordance with the Court's instructions at the end of the trial of this matter, and to supplement Defendant's previously submitted findings and conclusions.

### I. SUPPLEMENTAL FINDINGS OF FACT

    1.    The testimony of Plaintiff at trial was inherently unreliable and inconsistent with her previous deposition testimony, the affidavits she submitted to the Equal Employment Opportunity Commission and the Department of Labor regarding her harassment claims and the circumstances surrounding the termination of her employment, other written or oral statements she made regarding the alleged harassment, the physical setting of the areas in the Defendant's plant in which she claims various incidents of harassment occurred, and the testimony of witnesses called in her case and the Defendant's case. Plaintiff's testimony was not credible.

    2.    The testimony of Plaintiff as to her alleged emotional distress was inconsistent with entries in the medical records she submitted as Plaintiff's Exhibit 21, and is not credible. She failed to timely report any emotional distress in connection with the alleged harassment. The VA medical

records state that on February 12, 2001 she saw a medical provider and that "patient declined depression screen at this encounter." On March 23, 2001 Plaintiff called to request an appointment with her primary care physician "to talk to her about being stressed because of my recent mammo and my husband's medical problem." There is no reference to her former employment with Defendant as a source of any distress. When she appeared for the April 23, 2001 appointment, the medical record entry for that date states that "she wishes intervention for stress and depression. Husband is very ill; he goes to dialysis three times during the week. Oldest son passed away about 5 years ago–she took Prozac for a time during that period with good results. Works nights to avoid the stress of being around his illness ... ." There is no reference to any of the alleged events related to her employment with Defendant as a source of any distress. She saw a medical provider on July 24, 2001 and the note for that date states that she has "mixed depression and anxiety r/t husbands chronic illness, financial dependence and isolation–undertreated as yet ... ." Again, there is no mention of events related to her employment with Defendant. On January 29, 2002 she saw a medical provider and the entry for that visit states "Ms. Franco complains of depression and anxiety for a year or more. She also describes decreased energy and motivation, decreased concentration, insomnia, and low self esteem. She worries about her husband's health, financial problems and other stress." Again, Plaintiff does not reference her former employment with Defendant as a source of any distress. She first references the alleged sexual harassment during a visit with a medical provider on May 2, 2002, almost a full two years after the termination of her employment with Defendant. She subsequently failed to report for treatment sessions on October 22, 2002 and October 29, 2002 and forgot about a telephonic treatment session set for November 5, 2002. She also failed to report for sessions on November 19, 2002 and December 3, 2002. Her actions, including her failure to

report the alleged harassment as a source of her distress and her failure to diligently pursue treatment, demonstrate that she did not and has not suffered compensable emotional distress.

3.     Plaintiff was evaluated for her alleged emotional distress upon her attorney's referral to a clinical psychologist, Sandra Montoya, on October 31, 2001 and November 14, 2001 who prepared the report admitted as Defendant's Exhibit W.  Dr. Montoya's testimony was offered by deposition at trial.  Dr. Montoya determined that Plaintiff significantly exaggerated her symptoms and complaints of emotional distress, and that Plaintiff is not disabled from working.

4.     The Plaintiff testified that she is not seeking employment.  Her employment since working for Defendant consisted of two jobs, one held for a few days at Impact Confections and one held for approximately six months, from April 2, 2201 through November 16, 2001, at Wal-Mart. Plaintiff abandoned both of those jobs.  Before being employed by Defendant, Plaintiff had been out of work for approximately six years.  Plaintiff has not mitigated her damages.  Plaintiff lacks a reliable work history upon which to base any award of past or future wages, benefits or other compensation even if she had proven her claims as to Defendant's liability for any such award.

5.     Plaintiff's witnesses as to the alleged harassment were unreliable and not credible. Witness Marisol Martinez provided inconsistent statements of what she allegedly observed, stated her dislike for the alleged harasser Alex Loeza and claimed to have seen events from distances at which in fact such events could not have been observed.  Witness Steve de los Santos admitted he never saw any harassing behavior by Mr. Loeza.  Witness Hector Bugarin testified that he saw gestures or gyrations he claimed were of a sexual nature but that Plaintiff never saw those gestures or gyrations.

6.  Plaintiff testified that she reported the alleged harassment to Defendant's senior supervisor Darlene Parsons, and that on the day Ms. Parsons escorted Plaintiff from the plant after her termination she offered to show Ms. Parsons the bruises that Mr. Loeza allegedly had inflicted upon her during his final sexually harassing actions towards her. Ms. Parsons credibly testified that no such reports or statements were ever made to her by Plaintiff.

7.  Defendant's witnesses Irma Cruz, Lucy Ibarra and Christine Vallejos credibly testified that Plaintiff acted in a threatening manner toward Mr. Loeza in an altercation on the processing floor and that Plaintiff touched, pushed or shoved Mr. Loeza. These witnesses also credibly testified that they never observed any harassing behavior by Mr. Loeza towards Plaintiff, and that Defendant enforced its harassment policies.

8.  Defendant had policies prohibiting sexual harassment and measures for enforcing those policies and Defendant did effectively enforce and prohibit sexual harassment in the workplace. Plaintiff unreasonably failed to avail herself of these policies and enforcement mechanisms.

9.  Witness Alex Loeza credibly testified that he never sexually harassed the Plaintiff.

10. Witness Sean Benson credibly testified that the first report of any alleged harassment by Plaintiff occurred when he was removing her from the workplace after the altercation with Mr. Loeza. Mr. Benson handled that report appropriately by providing it to his managers. An investigation ensued, and Defendant was unable to obtain sufficient information from Plaintiff to support her claims or to allow additional investigation into her claims.

11.   Witness Steve Becker made the decision to terminate Plaintiff's employment and that decision was in all respects proper, free from any retaliatory or improper motive, and supported by legitimate business reasons.

12.   Plaintiff was not sexually harassed and was not subjected to a sexually hostile environment during her employment with Defendant.

## II. SUPPLEMENTAL CONCLUSIONS OF LAW

1.   Plaintiff's claims were frivolous as that term is used in Christianburg Garment Co. v. EEOC, 434 U.S. 412 (1978), and Defendant is entitled to recover its attorney's fees and costs.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


By_____
   Theresa W. Parrish
Post Office Box 1888
Albuquerque, NM 87103
(505) 765-5900

and

CAMPBELL BOHN KILLIN BRITTAN & RAY, LLC
Michael G. Bohn
270 St. Paul Street, #200
Denver, CO 80206
(303) 322-3400

Attorneys for Defendant

We hereby certify that a copy
of the foregoing pleading was
mailed to opposing counsel of
record this 21st day of January, 2003.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By_____
   Theresa W. Parrish